**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Ybarra, Jr., | No. CV-19-00657-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Thelda Williams, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Oscar Ybarra, Jr.'s Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint does not conform with the Federal Rules of Civil Procedure. The Court therefore dismisses the Complaint with permission to re-file no later than April 19, 2019.

**I.    LEGAL STANDARD**

**A.    28 U.S.C. § 1915(e)(2)**

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma*

*pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. The Court must therefore dismiss an *in forma pauperis* complaint if it fails to state a claim or if it is frivolous or malicious.

**II.  ANALYSIS**

    **A.  28 U.S.C. § 1983**

In the Complaint, Plaintiff alleges that, on February 3, 2018, officers of the Phoenix Police Department "participated and engaged in [] beating" him, resulting in various injuries. (Compl. at 4.) Plaintiff also alleges that the Phoenix Fire Department responded to the incident but failed to provide any medical aid. (Compl. at 4.) Plaintiff makes claims under the 4th, 8th and 14th Amendments to the United States Constitution, as well as under various state statutes and constitutional provisions, seeking money damages. The Court assumes that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right of action against a state actor for a constitutional violation. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

While Plaintiff states a claim against the unnamed police officers, Plaintiff fails to state a claim against Phoenix Police Chief Jeri Williams, Phoenix Fire Chief Kara Kalkbrenner or Phoenix Mayor Thelda Williams. (Compl. at 2.) Plaintiff does not specify whether he seeks damages against these three Defendants in their official or individual capacities. Generally, "personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while "official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). To establish individual liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166.

In his Complaint, Plaintiff alleges actions that individual police officers took, but not actions that the three named city officials took. If Plaintiff is basing his claims against Defendants Chief Williams, Chief Kalkbrenner, and Mayor Williams on city policies rather

than specific conduct these individuals engaged in, Plaintiff may be alleging municipal liability rather than individual liability. In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that a municipality is not liable for § 1983 claims under a theory of vicarious liability. Instead, a plaintiff must show that the municipality has adopted an "official policy" or "custom" that caused the alleged constitutional violation, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (quoting *Monell*, 436 U.S. at 694).

If Plaintiff wishes to sue Defendants Chief Williams, Chief Kalkbrenner, and Mayor Williams in their official capacities, he must demonstrate a municipal policy or custom that could plausibly be the moving force behind Plaintiff's alleged injuries. Without doing so, Plaintiff is urging the Court to impose vicarious liability against City of Phoenix officials based solely on the conduct of the unnamed officers. *See Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). Such liability will not lie. *See Monell*, 436 U.S. at 694.

### B. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Therefore, the Court will give Plaintiff an opportunity, if he so chooses, to amend his Complaint. Plaintiff must make clear his allegations in short, plain statements and identify whether he seeks relief against municipal officials in their individual or official capacities, and if necessary, must identify a municipal policy or practice that resulted in his constitutional injuries. The Court also advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

**IT IS THEREFORE ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint as to Defendants Chief Williams, Chief Kalkbrenner, and Mayor Williams (Doc. 1).

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than April 19, 2019. If no Amended Complaint is timely filed, the Court will dismiss Plaintiff's claims against Defendants Chief Williams, Chief Kalkbrenner, and Mayor Williams.

Dated this 2nd day of April, 2019.

Honorable John J. Tuchi
United States District Judge