**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Ybarra, Jr., | No. CV-19-00657-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Thelda Williams, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Oscar Ybarra Jr.'s Amended Complaint (Doc. 13, Compl.), which he filed pursuant to the Court's order dismissing with leave to refile his first Complaint (Doc. 12). However, as set forth below, upon screening Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds again that the Complaint does not state a claim against Defendants Williams or Kalkbrenner. The Court therefore dismisses the Complaint with permission to re-file no later than May 8, 2019.

In the Complaint, Plaintiff alleges that, on February 3, 2018, officers of the Phoenix Police Department "participated and engaged in [] beating" him, resulting in various injuries. (Compl. at 4.) Plaintiff also alleges that the Phoenix Fire Department responded to the incident but failed to provide any medical aid. (Compl. at 4.) Plaintiff seeks money damages under 42 U.S.C. § 1983 for alleged violations of his Fourth, Eighth, and Fourteenth Amendment rights.

As was the case in his original Complaint, while Plaintiff states a claim against the unnamed police officers, he fails to state a claim against Phoenix Police Chief Jeri Williams

or Phoenix Fire Chief Kara Kalkbrenner. Plaintiff does not specify whether he seeks damages against these two Defendants in their official or individual capacities. Generally, "personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while "official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). To establish individual liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166. But any suit seeking money damages against municipal officials in their individual capacity must allege that the officials were "personally involved in the deprivation of [plaintiff's] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

As written, it seems that Plaintiff's Amended Complaint alleges liability based on Defendants' individual actions, but it is unclear exactly what those actions are. Plaintiff claims that both Defendants are "responsible for the actions of her department [] and [her] employees [officers]." (Compl. at 5.)[1] Without any allegations that Defendants were present during the alleged mistreatment of Plaintiff, or that Defendants directly ordered such mistreatment, it is improper to hold them accountable in their individual capacities.

On the other hand, if Plaintiff attempts to pursue money damages against Williams and Kalkbrenner in their official capacities, he must base such an allegation on city policies rather than specific conduct these individuals engaged in. In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that a municipality is not liable for § 1983 claims under a theory of vicarious liability. Instead, a plaintiff must show that the municipality has adopted an "official policy" or "custom" that caused the alleged constitutional violation, "whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id.* "The 'official

---

[1] Plaintiff also goes on to claim that Police Chief Williams is responsible for "misconduct allegation[s] of Phoenix police officer(s) [that] have arose as of later times," such as at a "Trump rally September 2018." (Compl. at 5.) The Court disregards this portion of Plaintiff's Complaint, as these incidents are separate from those alleged to have violated his constitutional rights.

policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (quoting *Monell*, 436 U.S. at 694). Under the *Monell* framework, municipal officials may be sued for money damages in their official capacities, but only for actions taken or decisions made pursuant to an official policy or custom of the relevant municipality.

If Plaintiff wishes to sue Defendants Chief Williams and Chief Kalkbrenner in their official capacities for money damages, he must demonstrate a municipal policy or custom that could plausibly be the moving force behind Plaintiff's alleged injuries. Without doing so, Plaintiff is urging the Court to impose vicarious liability against City of Phoenix officials based solely on the conduct of the unnamed officers. *See Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). Such liability will not lie. *See Monell*, 436 U.S. at 694.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Therefore, the Court will give Plaintiff a second opportunity, if he so chooses, to amend his Complaint. Plaintiff must make clear his allegations in short, plain statements and identify whether he seeks relief against municipal officials in their individual or official capacities, and if necessary, must identify a municipal policy or practice that resulted in his constitutional injuries. The Court also advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Amended Complaint as to Defendants Williams and Kalkbrenner (Doc. 13).

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and this Order no later than May 8, 2019. If no Second Amended Complaint is timely filed, Plaintiff may proceed

only against unnamed officer and firefighter defendants under the original Complaint (Doc. 1). Plaintiff is advised that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if he elects to proceed only against the unnamed defendants under the original Complaint, he must serve unnamed defendants with the Summons and Complaint within 90 days from the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a Second Amended Complaint, the complaint may not be served until and unless the Court screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If the Court gives Plaintiffs leave to serve a Second Amended Complaint, Plaintiff shall be responsible for service of the summons and Complaint.

Dated this 18th day of April, 2019.

Honorable John J. Tuchi
United States District Judge